**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000080
19-DEC-2024
08:34 AM
Dkt. 66 SO**

NO. CAAP-21-0000080

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


TOMMY M. STOWERS, Plaintiff/Counterclaim Defendant-Appellee, v.
CHARLES W. HENDERSON, Defendant/Counterclaimant-Appellee, and
DOE DEFENDANTS 1-10, Defendants.

CHARLES W. HENDERSON, Third-Party Plaintiff-Appellee, v.
ANGELA BROOKS, JASON MOONEYHAN, DEVRON LEE BROOKS,
Third-Party Defendants-Appellees,
WILLIAM "GREG" PRESSLEY, Third-Party Defendant-Appellant,
and DOE DEFENDANTS 1-10, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC191000330(1))


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Third-Party Defendant-Appellant William **Pressley**

appeals from the Circuit Court of the Second Circuit's

February 17, 2021 order denying Pressley's "Motion for Judgment

on the Pleading Pursuant to [Hawaiʻi Revised Statutes (**HRS**)]

§ 634F [(2016) (repealed 2022)] (Citizen Participation in

Government)."[1]  (Formatting altered.)  We have jurisdiction under HRS § 634F-2(2)(A).

Pressley sought dismissal of a **First Amended Third-Party Complaint** filed by Defendant/Counterclaimant/Third-Party Plaintiff-Appellee Charles W. **Henderson** against Pressley, Angela Brooks, Devron Lee Brooks, and Jason Mooneyhan.  Pressley asserted that Henderson only named him as a third-party defendant to prevent him from testifying in support of his brother, Plaintiff/Counterclaim Defendant-Appellee Tommy M. **Stowers**, and that the third-party claims were an impermissible Strategic Lawsuit Against Public Participation (**SLAPP**) as defined by HRS § 634F-1.

The circuit court denied Pressley's motion for judgment on the pleadings, and Pressley timely appealed.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve Pressley's appeal as discussed below and affirm.

On appeal, Pressley contends the circuit court erred in denying his motion for judgment on the pleadings because it shifted the burden of proof, applied the wrong legal standard,

---

[1]  The Honorable Rhonda I.L. Loo presided.

and found the First Amended Third-Party Complaint was substantially justified.[2]  To support these contentions, Pressley argues that "HRS § 634F does not utilize a 'conceivable basis' test."

HRS § 634F-2 provided in relevant part as follows:

> **Required procedures; motion.**  Notwithstanding any law to the contrary, including rules of court, upon the filing of any motion to dispose of a claim in a judicial proceeding on the grounds that the claim is based on, relates to, or involves public participation and is a SLAPP lawsuit:
>
>   (1) The motion shall be treated as a motion for judgment on the pleadings, matters outside the pleadings shall be excluded by the court, and the court shall expedite the hearing of the motion;
>
>   . . . .
>
>   (4)  The responding party shall:
>
>     (A) Without leave of court, have seven days to amend its pleadings to be pled with specificity, and shall include such supporting particulars as are peculiarly within the supporting pleader's knowledge; and
>
>     (B) Have the burden of proof and persuasion on the motion;
>
>   (5) The court shall make its determination based upon the allegations contained in the pleadings;

---

[2]  Pressley raises the following two points of error:

1.   "The circuit court erred when it shifted the burden of proof and applied the wrong legal standards in denying [his] SLAPP motion"; and

2.   "The circuit court erred in finding that the First Amended Third Party Complaint was substantially justified."

(Formatting altered and emphasis omitted.)  Because these points of error involve HRS § 634F-2 and require a similar analysis, we address these points together.

> (6) The court shall grant the motion and dismiss the judicial claim, <u>unless the responding party has demonstrated that more likely than not, the respondent's allegations do not constitute a SLAPP lawsuit as defined in section 634F-1</u>[.]

(Formatting altered and emphasis added.)

"A ruling on a motion for judgment on the pleadings pursuant to HRS § 634F, regarding SLAPP cases, is reviewed *de novo*." <u>Domingo v. James B. Nutter & Co.</u>, 153 Hawai'i 584, 599, 543 P.3d 1, 16 (App. 2023). Pursuant to HRS § 634F-2(4)(B), "when a motion to dispose of a purported SLAPP claim is filed, the burden of proof and persuasion rests with the non-moving party." <u>Id.</u>

In the hearing on Pressley's motion for judgment on the pleadings, the circuit court explained the purpose of HRS § 634F and reiterated Pressley's arguments. The circuit court then explained Henderson's argument and referenced the allegations in Henderson's First Amended Third-Party Complaint:

> Mr. Henderson opposes the motion, arguing that there are facts pled sufficient to implicate Pressley in [Racketeer Influenced and Corrupt Organizations (**RICO**)] offenses and contract breaches. As support, Henderson cites to paragraph 16 of the first amended [third-party] complaint that alleges in early 2019, Pressley sent at least three e-mails to Henderson pressuring Henderson to make payments directly to Pressley.

Relying on the email allegations as pleaded by Henderson, the circuit court explained it could not find that Henderson intended to intimidate or silence Pressley:

4

> The Court cannot find that it's more likely than not that Henderson used SLAPP as a basis for his claims against Pressley. Provided with these allegations about the e-mails from Pressley to Henderson, <u>the Court cannot say that it is more likely than not that Henderson only identified Pressley as a Doe defendant in the [first amended] third-party complaint in order to intimidate and harass Pressley</u>.
>
> The proximity in time between Pressley's affidavit and Henderson's identification of Pressley as a Doe defendant <u>is not more likely than not proof of Henderson's intent to silence Pressley</u> against testifying in the main case.
>
> Because there are factual allegations against Pressley contained in the first amended [third-party] complaint that are unrelated to Pressley's affidavit, there is a <u>conceivable basis</u> other than SLAPP for Henderson's identification of Pressley as a Doe defendant in the first amended third-party complaint.

(Emphases added.)

As described above, the circuit court relied on the email allegations in Henderson's First Amended Third-Party Complaint. By relying on the allegations in Henderson's First Amended Third-Party Complaint, the circuit court did not shift the burden of production and persuasion to Pressley. And the circuit court did not apply the wrong legal standard because it looked at whether Henderson demonstrated that his allegations, more likely than not, did not constitute a SLAPP lawsuit as HRS § 634F-2(6) required.

Because the circuit court properly applied HRS § 634F-2(6), the circuit court's additional statement that the emails provided a "conceivable basis" for Henderson's First Amended

Third-Party Complaint against Pressley does not require us to vacate the circuit court's order denying Pressley's motion.

Based on the foregoing, we affirm the circuit court's February 17, 2021 order denying Pressley's motion for judgment on the pleadings.

DATED:  Honolulu, Hawaiʻi, December 19, 2024.

On the briefs:

Daniel Hempey,
for Third-Party Defendant-
Appellant.

Birney B. Bervar,
Ward D. Jones,
(Bervar & Jones),
for Defendant/
Counterclaimant/Third-Party
Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge